**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JOSEPH ROBINSON,
ADC # 104161                                                                                                    PLAINTIFF

V.                                      Case No. 4:10-cv-02028-DPM-JJV

DOC HOLLIDAY, Sheriff,
Pulaski County Regional Detention
Facility; SHAWN O. SMITH, Major,
Pulaski County Regional Detention
Facility; and Brawley, Sargent, Pulaski
County Regional Detention Facility                                                                  DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted)

1

was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. BACKGROUND

Following his arrest for a parole violation, Plaintiff was detained in the Pulaski County Regional Detention Facility. In his Complaint, Plaintiff states he relinquished the following property during intake: an Arkansas EBT card, a social security card, an Arkansas ID, an "Elight" card, three lighters, a black wallet, a gold ring containing a "large diamond," $1,000 in cash and a platinum Rolex watch. (Doc. No. 2, p. 4). When he attempted to have his property released to his family, the property clerk informed Plaintiff that he did not have any property at the jail. Plaintiff now seeks to recover the value of his lost property from Defendants.

Because Plaintiff fails to state a claim upon which relief may be granted, the Court recommends that his case be dismissed with prejudice.

### II. SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court

must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *See id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

### III. ANALYSIS

If an inmate/detainee has an adequate state law remedy, the inmate/detainee cannot maintain a claim for the loss of personal property under 42 U.S.C. § 1983. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-544, 101 S.Ct. 1908 (1981). In

Arkansas, a plaintiff may maintain an action for conversion[1] against defendants and thus has an adequate state law remedy.[2] Plaintiff's Complaint should, therefore, be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSIONS

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted;

2. Dismissal of this action constitute a "strike" for purposes of 28 U.S.C. § 1915(g);[3] and

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation, and the accompanying judgment, would not be taken in good faith.

DATED this 2nd day of February, 2011.

　　　　　　　　　　　　　　　　　　　　　　　
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Conversion is a common-law tort action for the wrongful possession or disposition of another's property. *Jackson v. Smith*, No. CA09-1374, 2010 WL 4112906, (Ark. App. Oct. 20, 2010).

[2] *Bausley v. Dugan*, Case No. 04-2642, 2004 WL 2291373 (8th Cir. Oct. 13, 2004) (unpublished decision) (holding that a detainee could not bring a § 1983 claim against county employees for the loss of personal property because, under Arkansas law, he could bring a conversion action in state court).

[3] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."